## DONALDSON v. J. W. PERRY CO.

(Circuit Court of Appeals, Fourth Circuit. May 24, 1905.)

No. 565.

1. SHIPPING—ACTION FOR DAMAGE TO CARGO—EVIDENCE.

In an action to recover for damage to cargo from leakage of the vessel, evidence that directions as to the manner of loading were given the agents of the vessel by libelant, which directions were not followed, was competent.

2. SAME—LEAKAGE OF BARGE—UNSEAWORTHINESS.

Where, during the unloading of a barge in the usual manner, which caused an uneven keel for a few hours, she sprang a leak, and the remaining cargo was damaged by water, such damage was not caused by fault or error in the management of the vessel within section 3 of the

Harter act (Act Feb. 13, 1893, c. 105, 27 Stat. 445 [U. S. Comp. St. 1901, p. 2946]), but from unseaworthiness, or from negligence, fault, or failure in proper loading within section 1, for which the vessel is liable.

Appeal from the District Court of the United States for the Eastern District of Virginia.

Edward R. Baird, Jr., for appellant.

W. L. Williams, for appellee.

Before GOFF and PRITCHARD, Circuit Judges, and BOYD, District Judge.

GOFF, Circuit Judge. The barge Robert Donaldson was in July, 1903, when in the port of Alexandria, Va., loaded by the Bryant Fertilizer Company with a cargo of ground plaster, consigned to the J. W. Perry Company, at Norfolk, Va. On the 20th of July the barge reached Norfolk, and by the direction of her consignees took place at the dock of the Norfolk Warehouse Association. A portion of the cargo was discharged by the libelant on the 21st of that month, the same being removed from the forward hatch. When the work of removing the cargo was resumed the next day, it was discovered that the aft part of the barge had water in it, and that because thereof a part of the cargo was damaged. After discharging the cargo, the consignees thereof—the J. W. Perry Company —filed its libel asking to be allowed damages because of the exposure of the cargo to water. The court below decreed in favor of the libelant. The appeal now being considered was prayed for and allowed.

It is assigned as error that testimony was admitted over the objection of respondent that libelant, previous to the loading, had notified the agents of the barge to use dunnage when placing the cargo. The appellant insists that the parties to whom such notice was given were not in fact agents of the barge, and that, therefore, the master was not informed either of the directions of libelant or of the character of the cargo he was to carry. The testimony was pertinent, and was properly admitted by the court. It related to the facts connected with the chartering of the barge, and it had direct connection with the making of the contract and the execution of the bill of lading by the master. The court found that the barge at the time of sailing was unseaworthy, and assessed damages against her. The appellant claims that the barge was improperly unloaded; that a portion of the cargo was removed from one part of the vessel, and thereby she was left on an uneven keel, with the result that a leak was sprung. The cargo was unloaded in the usual way. It is quite evident that the barge was not seaworthy, and that she was not able to withstand the dangers incident to the voyage she had undertaken. The water causing the damage entered through an opening three inches long in the bottom of the barge. A vessel leaking because of the removal of a portion of its cargo, whereby an uneven keel was caused for a few hours, can hardly be classified as seaworthy. A cargo of plaster loaded without dunnage would inevitably be damaged from such a leak. The damage to the cargo

in this case was not because of "faults or errors in navigation or in the management of" the barge, as claimed by appellant, in which case the owner would have been exempt from liability by section 3 of the Harter act, but was "loss or damage arising from negligence, fault or failure in proper loading, storage, custody, care or proper delivery of merchandise under section 1 of that act, in which case exemption by stipulation is not permitted." Act Feb. 13, 1893, c. 105, 27 Stat. 445 [U. S. Comp. St. 1901, p. 2946]. The Carib Prince, 170 U. S. 655, 18 Sup. Ct. 753, 42 L. Ed. 1181; The Germanic, 196 U. S. 589, 25 Sup. Ct. 317, 49 L. Ed. 610.

The decree complained of is without error and the same is affirmed.